DWIGHT E. JOHNSON V. COLUMBUS BUGGY COMPANY
ET AL.

FILED NOVEMBER 18, 1896.   No. 6882.

Replevin: VERDICT FOR DEFENDANT: REVIEW. Evidence examined, and *held* to sustain the finding and judgment adverse to the plaintiff in error.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*F. M. Sturdevant,* for plaintiff in error.

*Thomas D. Crane, contra.*

POST, C. J.

This was an action of replevin, which resulted in a verdict and judgment in the district court for Douglas county for the defendants therein, and which it is sought to reverse by means of this proceeding.

The property in controversy is a double-seated extension top surrey of the alleged value of $150, of which the

plaintiff claims absolute ownership, and which is claimed by the defendants through a certain chattel mortgage executed by one Blazer to the firm of Angene & Firestone, under date of October 1, 1888, to secure a note of the said mortgagor of even date therewith for $165, together with interest from date at the rate of ten per cent per annum. Two facts are assumed by counsel for the respective parties, viz.: The sale of the property in controversy by Blazer to the plaintiff, and the succession by the defendant company to whatever rights existed in favor of Angene & Firestone under the mortgage described. The controversy is, therefore, as counsel for plaintiff in error frankly admits, narrowed to two inquiries, viz.: (1.) Was the mortgage debt satisfied by means of the settlement hereafter referred to? (2.) Are the defendants in error, as assignees of Angene & Firestone, estopped by reason of the representations of the latter to deny that the debt of Blazer is extinguished in consequence of the settlement above mentioned?

Subsequent to the execution of the mortgage here involved Angene & Firestone commenced an action, aided by attachment, against Blazer, in the circuit court of Howell county, Missouri, to recover the sum of $1,250, in which they caused to be seized a sawmill, planing mill, and appurtenances, together with a quantity of lumber therein. On the 6th day of February, 1889, said action was, pursuant to agreement, dismissed and the attachment vacated, one of the considerations therefor being the delivery on board the cars at Mountain View, Missouri, of a quantity of lumber, estimated by plaintiff's witnesses at 110,000 feet and by defendants' witnesses at 90,000 feet, consigned to the Star Union Lumber Company, at Omaha, on account of the said Angene & Firestone. The proceeds of said lumber, to-wit, $541.60, was by the consignee named turned over to Angene & Firestone, and by them applied on an open account against Blazer, then past due.

It is strenuously insisted by the plaintiff that the lum-

ber above described was by Angene & Firestone accepted as settlement and satisfaction in full of Blazer's entire indebtedness to them, including the mortgage relied upon in this action, with four others particularly described in the record. That proposition is, however, controverted by the defendants, whose evidence tends strongly to prove that the lumber in question was received on account only by Angene & Firestone, with no specific agreement as to their claims against Blazer. The utmost that can be claimed by the plaintiff is that the evidence is conflicting, and, we think, ample to sustain the finding of the district court adverse to his contention. Indeed, he is contradicted by one of his own witnesses, Mr. Clark, who, as attorney for the plaintiff in the attachment suit, was advised of the conditions upon which that action was dismissed, and who testifies that Angene & Firestone did not agree to accept any stipulated amount of lumber in satisfaction of their claims against Blazer. Plaintiff testifies that previous to the purchase by him of the surrey in controversy he had a conversation with Mr. Firestone, of the firm of Angene & Firestone, in which he was informed by the latter that the indebtedness of Blazer to said firm had been satisfied in full by means of the settlement aforesaid, and that he purchased the property described relying upon such statement; but upon that proposition also the evidence is conflicting, and was, we must presume, properly weighed by the district court, whose finding must be accepted as conclusive in this proceeding.

JUDGMENT AFFIRMED.

IRVINE, C., not sitting.